IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D.R. WILLIAMS,

    Plaintiff,                  No. CIV 07-0914 FCD KJM P

    vs.

ALLEN SUMNER,                 <u>ORDER AND</u>

    Defendant.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
7  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in
10  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
11  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.
13  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
14  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
15  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint, or portion thereof, should only be dismissed for failure to state a
17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
21  complaint under this standard, the court must accept as true the allegations of the complaint in
22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25  /////
26  /////

1  Plaintiff seeks declaratory and injunctive relief against Allen Sumner, a superior
2  court judge, because he falsely imprisoned plaintiff, apparently by denying a state habeas
3  petition.  Complaint at 1 & Ex. 1
4  A judge is immune from suit for acts taken in the judge's judicial capacity, unless
5  taken in the complete absence of jurisdiction.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  This
6  immunity "extends to actions for declaratory, injunctive and other equitable relief."  <u>Moore v.</u>
7  <u>Brewster</u>, 96 F.3d 1240, 1243-44 (9th Cir. 1996).  Accordingly, plaintiff cannot proceed with
8  this action.  Plaintiff has filed a motion asking that the court rule judicial immunity invalid, but
9  this court has no authority to overturn long-established Supreme Court authorities.
10  In accordance with the above, IT IS HEREBY ORDERED that:
11  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
12  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13  The fee shall be collected and paid in accordance with this court's order to the Director of the
14  California Department of Corrections and Rehabilitation filed concurrently herewith.
15  3.  Plaintiff's July 20, 2007 motion for a ruling that judicial immunity is
16  unconstitutional is denied.
17  IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave
18  to amend.
19  /////
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2007.

_____
U.S. MAGISTRATE JUDGE

2
will0914.56